[No. 43677-5-I.    Division One.    March 13, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. MITCHELL
FORD, *Appellant*.

*David Bruce Koch* and *Catherine Lynn Floit* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Cynthia A. Stross, Deputy*, for respondent.

WEBSTER, J. — Appellant Mitchell G. Ford, a juvenile, challenges the statutory prohibition against application of the compromise of misdemeanor statute to juveniles, arguing that it violates the equal protection guarantees of the federal and state constitutions. The State presents the preliminary issue of whether the case is moot.[1] We reach the merits and hold that the legislature's classification is rationally related to the legitimate objective of rehabilitation of juveniles and does not violate equal protection. Ford argues alternatively that the case must be remanded because the trial court failed to enter written findings and conclusions within 21 days of Ford's notice of appeal. We find that remand is not required. Thus, we affirm.

## BACKGROUND

On September 3, 1998, Ford was charged by information with Malicious Mischief in the Third Degree for allegedly causing damage to a wooden statute belonging to Sherry Thompson. Thompson wrote a letter stating that Ford apologized to her in person and made restitution to her satisfaction. She stated that she did not wish to press charges and that the case could be dropped.

Ford's motion to dismiss the charges under the compromise of misdemeanor statute was denied by the trial court. The case was subsequently diverted and dismissed on November 19, 1998, upon completion of the diversion.

---

[1]The State also argued in its brief that the trial court's order denying Ford's motion to dismiss under the compromise of misdemeanor statute is not an appealable order under RAP 2.2. But because the State agreed at oral argument that this court has the authority to decide this matter, we need not address the State's appealability arguments.

The trial court did not enter written findings and conclusions within 21 days of Ford's notice of appeal.

## ANALYSIS

A. The Statutes Involved

The issue presented by Ford turns on the differences between the compromise of misdemeanor statute and the statutory provisions allowing diversion of juvenile cases.

*1. The Compromise of Misdemeanor Statute*

█ The compromise of misdemeanor statute allows a defendant to avoid conviction for certain misdemeanors under certain circumstances:

> When a defendant is prosecuted in a criminal action for a misdemeanor, for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided in RCW 10.22.020, except when it was committed:
>
> (1) By or upon an officer while in the execution of the duties of his office.
>
> (2) Riotously;
>
> (3) With an intent to commit a felony; or
>
> (4) By one family or household member against another as defined in RCW 10.99.020(1) and was a crime of domestic violence as defined in RCW 10.99.020(2).[2]

Former RCW 10.22.010 (1989). The procedure provides for the compromise at the discretion of the trial court when the party injured has received satisfaction for the injury:

> In such case, if the party injured appear in the court in which the cause is pending at any time before the final judgment therein, and acknowledge, in writing, that he has received satisfaction for the injury, the court may, in its discretion, on payment of the costs incurred, order all proceedings to be

---

[2]RCW 10.99.020 was amended in 1995, changing subsection (2) to subsection (3).

discontinued and the defendant to be discharged. The reasons for making the order must be set forth therein and entered in the minutes. Such order is a bar to another prosecution for the same offense. .

RCW 10.22.020. The purpose of the compromise of misdemeanor statute is "restitution to crime victims and avoidance of prosecution for minor offenders." *State v. Norton*, 25 Wn. App. 377, 380, 606 P.2d 714 (1980).

Prior to 1985, the compromise of misdemeanor statute applied to juveniles. *See id.* at 380. In 1985, the legislature amended RCW 13.04.450[3] by adding a single sentence: "Chapter 10.22 RCW [the compromise of misdemeanor statute] does not apply to juvenile offender proceedings, including diversion, under chapter 13.40 RCW." The statute does not reveal the legislature's purpose in amending the statute, and neither party points us to any legislative history that does so.

### 2. Diversion Agreements

The Juvenile Justice Act of 1977 provides that in certain cases a juvenile may avoid prosecution by entering into a diversion agreement to fulfill certain conditions, such as community service, restitution, fines, or attending counseling. *See generally* RCW 13.40.080. The prosecutor or probation counselor must determine that probable cause exists to believe that the juvenile committed the crime in question. *See* RCW 13.40.080(1). Diversion is typically used for minor juvenile offenses. *See State v. Michaelson*, 124 Wn.2d 364, 365, 878 P.2d 1206 (1994). The diversion agreement remains part of the juvenile's criminal history. *See* RCW 13.40.020(7)(b); 13.40.080(10).

### 3. The Difference at Issue Here

■ Under both statutory schemes, prosecution may be avoided. But unlike the ultimate result of a compromised misdemeanor, the diversion agreement constitutes part of

---

[3]RCW 13.04.450 provides in part that chapters 13.04 and 13.40 RCW are "the exclusive authority for the adjudication and disposition of juvenile offenders except where otherwise expressly provided."

the juvenile's criminal history. *See* RCW 13.40.020(7)(b); 13.40.080(10). Because the diversion figures into the juvenile's criminal history, it may affect a sentence for a future offense. *See State v. Quiroz*, 107 Wn.2d 791, 794, 733 P.2d 963 (1987); *State v. Phillips*, 94 Wn. App. 313, 317, 972 P.2d 932 (1999). A diversion in the juvenile's criminal history may subject the juvenile to a longer sentence for future offenses or result in the denial of a future diversion. *See id.* at 317. The *Phillips* court observed that although a diversion is not a conviction, the consequences are much the same. *See id.* at 318.

B. The Case Is Not Moot Because the Further Relief Sought by Ford Is an Immediately Clean Criminal History

The State first argues that this appeal is moot because the case was dismissed upon the completed diversion, and thus no further relief is available.

■ A case is moot if the court cannot provide either the relief originally sought or any effective relief. *See Dioxin/Organochlorine Ctr. v. Pollution Control Hearings Bd.*, 131 Wn.2d 345, 350, 932 P.2d 158 (1997). Ford's case is not moot. Although the case was dismissed, the diversion remains part of Ford's criminal history. *See* RCW 13.40.020(7)(b). If we were to determine that the statutory prohibition on the application of the compromise of misdemeanor statute to juveniles is unconstitutional, then this case would be remanded for the trial court to reconsider dismissal under the compromise of misdemeanor statute. If the case is dismissed under the compromise of misdemeanor statute, no criminal history would remain. Thus, relief may be obtained. *See State v. Raines*, 83 Wn. App. 312, 315, 922 P.2d 100 (1996) (finding that a case was not moot even though the appellant had served his entire sentence because the modified sentence that he challenged had potential impact on his future offender score).

■ Alternatively, we decide the case because it involves a matter of continuing and substantial public interest. *See Dioxin/Organochlorine*, 131 Wn.2d at 351. The court

considers three factors to determine whether a technically moot case should be reviewed:

> (1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur.

*Hart v. Department of Soc. & Health Servs.*, 111 Wn.2d 445, 448, 759 P.2d 1206 (1988). All three factors are satisfied here.

C. The Statutory Prohibition on the Application of the Compromise of Misdemeanor Statute to Juveniles Does Not Violate the Equal Protection Guarantees of the Federal and State Constitutions Because the Legislature's Classification Is Rationally Related to the Legitimate Objective of Rehabilitation of Juveniles

Ford argues that the statutory prohibition on the application of the compromise of misdemeanor statute to juveniles violates the federal and state constitutional equal protection guarantees because the statutory scheme treats juveniles differently from similarly situated adults: a compromised misdemeanor results in no criminal history, but the consequences of a diversion is criminal history that may impact future sentences. Because Ford asserts that the equal protection guarantees under the state and federal constitutions are substantially identical, we base our analysis on the Fourteenth Amendment to the federal constitution. *See State v. Blilie*, 132 Wn.2d 484, 493, 939 P.2d 691 (1997).

"Under the equal protection clause, persons similarly situated with respect to the purpose of the law must receive similar treatment." *Id.* at 493. A classification based on juvenile status is not a suspect or semisuspect classification. *See In re Boot*, 130 Wn.2d 553, 572-73, 925 P.2d 964 (1996). Nor does Ford present an issue involving a fundamental right. Therefore, Ford's equal protection challenge to RCW 13.04.450 is analyzed under the rational relationship test. *See Blilie*, 132 Wn.2d at 493. Under this

"most relaxed and tolerant" scrutiny, the legislature's classification is upheld "unless it rests on grounds wholly irrelevant to achievement of legitimate state objectives." *Id.* at 494 (internal quotations and citation omitted). We presume that the statute is constitutional, and Ford carries the burden of proving that the challenged statute violates equal protection. *See id.*

The State argues that the legislature has a rational basis for distinguishing between those adults eligible for application of the compromise of misdemeanor statute and juvenile offenders who are ineligible. The State asserts that the juvenile justice system serves different purposes than the adult system in that the juvenile system is less punitive and has rehabilitative objectives. The State contends that the diversion procedures requiring that the juvenile fulfill conditions to purge his or record serves rehabilitative objectives. The State concludes that "[r]equiring a juvenile to follow slightly more rigorous steps to purge his or her record is rationally related to the goal of rehabilitation and decreased recidivism." Resp't's Br. at 9.

But the State's argument misses the point: the juvenile is not allowed to completely purge his or her record. The earliest point at which a juvenile may clear a criminal history is after turning eighteen and at least two years have elapsed since the diversion agreement was completed, and only those juveniles with a single diversion may make this request:

> A person eighteen years of age or older whose criminal history consists of only one referral for diversion may request that the court order the records in that case destroyed. The request shall be granted, subject to subsection (23) of this section, if the court finds that two years have elapsed since completion of the diversion agreement.

RCW 13.50.050(17).[4]

---

[4]Section (23) provides that no identifying information, such as photographs and fingerprints, held by the Washington state patrol is subject to destruction. RCW 13.50.050(23).

Requiring the juvenile to complete conditions such as community service or counseling may be rationally related to the rehabilitative purposes of the juvenile justice system, but the State has not explained how the retention of the diversion in the juvenile's criminal history under the same circumstances that would enable an adult to clear his or her record, allowing the diversion to impact future sentences of a reoffending juvenile, furthers the rehabilitative purpose of the juvenile justice system. Ford argues that the fact that a juvenile is prohibited from clearing his record under the same circumstances that would enable an adult to do so, with potential impact on any future sentencing of the juvenile, violates equal protection.

Thus, we face a policy question: does retention of the diversion in the juvenile's criminal history, allowing the diversion to impact future sentences of a reoffending juvenile, further the rehabilitative purpose of the juvenile justice system? If so, then the legislature's classification is constitutional because it is rationally related to the achievement of legitimate state objectives. Reflection leads us to the conclusion that the legislature's classification is rationally related to the legitimate objective of rehabilitation because the threat of increased punishment based on a prior diversion conceivably serves a deterrent function and increased punishment may serve to teach the juvenile that increasingly severe consequences result from each incident of unlawful conduct.[5]

In conclusion, we find that the legislature's classification is rationally related to the legitimate objective of rehabilitation of juveniles.

---

[5]Although a diversion requires a prosecutor or probation counselor to determine that probable cause exists to believe that the juvenile committed the crime in question, a diversion is not a guilty disposition. Thus, the diversion statutory scheme allows for increased punishment based on something *less than* a prior conviction. But the juvenile must agree to a diversion after being informed that the diversion agreement becomes part of his or her criminal history and could serve to enhance a future crime's penalty; the juvenile has the option to decline diversion and be prosecuted.

### D. The Trial Court Was Not Required to Provide Written Findings and Conclusions Under JuCR 7.11 for Its Order Denying the Motion to Dismiss

Ford argues that his case must be remanded because the trial court failed to enter written findings and conclusions within 21 days of his notice of appeal. JuCR 7.11 is entitled "Adjudicatory Hearing," and subpart (d) provides:

Written Findings and Conclusions on Appeal. The court shall enter written findings and conclusions in a case that is appealed. The findings shall state the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision. The findings and conclusions may be entered after the notice of appeal is filed. The prosecution must submit such findings and conclusions within 21 days after receiving the juvenile's notice of appeal.

■■■■ In the context of the entire rule[6] and the language of subpart (d), it is apparent that the requirement for written findings and conclusions applies to a guilty or not guilty decision following an adjudicatory hearing. We find that this rule does not apply in this case to the trial court's ruling denying a motion to dismiss under the compromise of misdemeanor statute. The ruling involved only statutory interpretation, a question of law; no evidence was taken and the facts of the case were not germane to the decision. Thus, written findings and conclusions were not required to support the trial court's ruling. Remand is not necessary.

## CONCLUSION

We find no equal protection violation here because we conclude that the legislature's classification that treats

---

[6]The other subparts of JuCR 7.11 provide: (a) that the prosecution must prove the allegations beyond a reasonable doubt; (b) that the rules of evidence apply, with modifications; and (c) that a guilty or not guilty decision must be entered on the record.

juveniles differently than adults for the purposes of the compromise of misdemeanor statute is rationally related to the legitimate objective of rehabilitation. We find also that the trial court was not required to make written findings of fact and conclusions of law to support its ruling on Ford's motion to dismiss. We affirm.

COLEMAN and COX, JJ., concur.