[No. 74872-1.   En Banc.]
Argued May 13, 2004.   Decided July 8, 2004.

THE CITY OF SPOKANE, *Petitioner*, v. GYPSY ANN NEFF, *Respondent*.

---

*Michael Connelly, City Attorney,* and *Michelle D. Szambelan, Assistant,* for petitioner.

*Janice E. Holmes* and *Brian D. Raymon* (of *The Public Defender's Office*), for respondent.

JOHNSON, J. — This case involves whether the Spokane antiprostitution ordinance is unconstitutionally vague because the ordinance does not define the term "known prostitute." Both the Spokane Municipal Court and the Spokane County Superior Court ruled the term "known prostitute" was unconstitutionally void for vagueness. We also decide whether the trial court properly excluded evidence under ER 404(b). We affirm.

### FACTUAL AND PROCEDURAL HISTORY

The city of Spokane (City) charged Gypsy Neff with loitering for the purposes of prostitution in violation of Spokane Municipal Code (SMC) 10.06.030. The ordinance provides in pertinent part:

> A person commits prostitution if the person loiters in or near any thoroughfare or place open to the public in a manner and under circumstances manifesting the purpose of inducing, enticing, soliciting, or procuring another to pay for an act of prostitution. Among the circumstances which may be considered in determining whether such purpose is manifested are that the subject is a known prostitute or panderer; repeatedly beckons to, stops or attempts to stop, or engages in conversation with passersby; repeatedly stops or attempts to stop motor vehicle operators by hailing, waving arms, or any other bodily gesture. No arrest may be made under this subsection unless the arresting officer first affords the subject an opportunity to explain such conduct. It is a defense under this subsection that the explanation given was true and disclosed a lawful purpose.

SMC 10.06.030(C).

In Spokane Municipal Court, Neff moved to dismiss the prosecution on grounds that (1) the ordinance was unconstitutionally vague, (2) there was no probable cause, and (3) the City could not make a prima facie case, which mandated

dismissal pursuant to *State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986). Neff also moved to suppress any evidence of prior prostitution-related activity pursuant to ER 404(b).

The municipal court ruled that the ordinance was unconstitutionally vague because it did not define the term "known prostitute." The court severed the "known prostitute" language from the ordinance and concluded that the remainder of the ordinance contained an alternate method to proceed on the charge. The court then granted Neff's motion to suppress evidence of Neff's prior prostitution-related contacts with police as inadmissible prior bad acts under ER 404(b) that did not fall within the rule's exception permitting such evidence to prove intent.

The City filed a petition for writ of review in Spokane County Superior Court. The superior court affirmed, concluding that the term "known prostitute" was unconstitutionally vague because persons of common intelligence would differ as to its meaning and application and that its vagueness leads to arbitrary enforcement. The superior court also ruled that the trial court did not abuse its discretion in excluding testimony or other evidence about prior prostitution-related contacts between the police and Neff.

The City filed a notice for discretionary review in the Court of Appeals, Division Three. We accepted review upon certification pursuant to RCW 2.06.030.

## ANALYSIS

### *Vagueness of SMC 10.06.030*

■ ■ We review a ruling on the constitutionality of a legislative enactment de novo. *State v. Blilie*, 132 Wn.2d 484, 489, 939 P.2d 691 (1997).[1] To avoid unconstitutional

---

[1] Citing *City of Tacoma v. Luvene*, 118 Wn.2d 826, 845, 827 P.2d 1374 (1992), the City argues that Neff lacks standing to challenge SMC 10.06.030. Br. of Pet'r at 10. As a party adversely affected by the ordinance, Neff clearly has a right to bring a claim that the statute was facially vague.

vagueness, an ordinance must (1) define the offense with sufficient definiteness that ordinary people can understand what conduct is prohibited, and (2) establish standards to permit police to enforce the law in a nonarbitrary, nondiscriminatory manner. *City of Sumner v. Walsh*, 148 Wn.2d 490, 499, 61 P.3d 1111 (2003). Here, the Spokane ordinance seeks to define situations in which a person displays intent to engage in prostitution-related activity. One situation highlighted by the ordinance, and the language at issue here, is when the suspect is a "known prostitute."

Neff argues that the undefined term "known prostitute" fails to provide an ascertainable standard for determining whether a person is loitering with intent to commit a prostitution-related act. Undefined, the term allows an arresting officer to identify a "known prostitute" as someone with prior convictions, prior arrests, or merely prior acts of loitering in an area where prostitution occurs. According to Neff, such unbridled discretion by police cannot square with our due process "void for vagueness" precedent.

The City analogizes this matter to two cases involving the Seattle ordinance prohibiting loitering for purposes of prostitution, in which we found the challenged ordinance was not void for vagueness. *See City of Seattle v. Jones*, 79 Wn.2d 626, 488 P.2d 750 (1971); *City of Seattle v. Slack*, 113 Wn.2d 850, 784 P.2d 494 (1989). However, the ordinance considered in both *Jones* and *Slack* contained a specific definition for the term "known prostitute" as a "person who, within one year previous to the date of arrest for violation of [the ordinance], has within the knowledge of the arresting officer been convicted of violating any ordinance of the city of Seattle defining and punishing acts of soliciting, committing, or offering or agreeing to commit prostitution." *Jones*, 79 Wn.2d at 628. The City argues that our analysis in the Seattle cases does not hinge on the definition. We disagree. The definition provided by the Seattle ordinance was central to our determination that an ascertainable

standard existed to protect against arbitrary law enforcement.

The definition for the term "known prostitute" in the Seattle ordinance limits the possibility of arbitrary or mistaken enforcement in two key ways. First, the Seattle ordinance requires an arresting officer's knowledge of a prior *conviction*, which protects against the possibility that an officer would improperly make a legal determination that a person is a prostitute based merely on past police contacts or charges against the individual that were dismissed due to lack of evidence, lack of probable cause, mistaken identity, not guilty findings, etc. Second, the Seattle ordinance requires the suspect to have been convicted of prostitution-related activity within the prior 12 months. The 12 month limit allows for the possibility of reform and provides a clear time frame in which past conduct may be used to indicate a present intent. Altogether, the limitations of the Seattle ordinance establish standards that permit police to enforce the law in a nonarbitrary, nondiscriminatory manner. In contrast, the Spokane ordinance simply does not limit police discretion in any way when it comes to determination of who is a "known prostitute."

The Spokane ordinance is more analogous to the curfew ordinance we ruled unconstitutionally vague in *Walsh*. In *Walsh*, we found that the terms "linger" and "stay" were not sufficiently precise so that a person of ordinary intelligence is accorded fair notice of what conduct is prohibited, and the terms did not provide sufficient guidance to officers endeavoring to determine if a juvenile's conduct is exempt from the ordinance. We highlighted the wide range of juvenile activity that an officer could deem in violation of the ordinance and concluded that the ordinance does not "provide 'ascertainable standards for locating the line between innocent and unlawful behavior' that this court requires." *Walsh*, 148 Wn.2d at 500 (quoting *City of Seattle v. Pullman*, 82 Wn.2d 794, 799, 514 P.2d 1059 (1973)).

■ Similarly, the Spokane antiprostitution ordinance provides no standards for locating the line between who is a "known prostitute" and who is not. As Neff argues, the unqualified term "known prostitute" may include anyone from a person with a recent conviction for prostitution to a person who is simply loitering on a street where prostitution occurs. The ordinance invites an inordinate amount of police discretion due to the lack of guidelines. Accordingly, to the extent the ordinance contains the undefined term "known prostitute" it is unconstitutionally vague.

*Evidentiary Ruling Regarding Prior Prostitution-Related Behavior*

■ ■ The standard of review for evidentiary rulings made by the trial court is abuse of discretion. *State v. Ellis*, 136 Wn.2d 498, 504, 963 P.2d 843 (1998). The challenging party has the burden of providing the record of the evidentiary hearing. *State v. Wade*, 138 Wn.2d 460, 464, 979 P.2d 850 (1999). Here, the trial court excluded evidence purporting to show Neff's prior prostitution-related behavior as improper propensity evidence under ER 404(b). The City challenges that ruling but we find nothing in the record to establish the basis upon which the trial court ruled.[2] Absent a record, the City cannot establish that the trial court abused its discretion.

We affirm.

ALEXANDER, C.J., and MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.

---

[2] Instead of a transcript of the suppression hearing, the parties submitted an agreed narrative of proceedings pursuant to RALJ 6.1(b). The agreed narrative merely states, "[T]he lower court granted the Defendant's motion to suppress all of the Defendant's prior prostitution-related contacts as inadmissible prior bad acts, including all testimony of Sgt. Dennis Walter." Clerk's Papers at 30.