# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  48890-6-II |
| Respondent, | |
| v. | |
| RICHARD SHERWOOD MARTELL, | PUBLISHED OPINION |
| Appellant. | |

JOHANSON, J.  —  Richard Sherwood Martell appeals the trial court order amending his sentence to impose an indeterminate sentence under the sex offender sentencing statute's indeterminate sentencing provision, RCW 9.94A.507(1)(b), following his guilty plea conviction for second degree possession of depictions of minors engaged in sexually explicit conduct.  He argues that the sex offender indeterminate sentencing provision requires a prior conviction for an offense involving a pattern of criminal street gang activity and that he had no such prior offense.  Under RCW 1.12.028, we reject Martell's assertion that he is not subject to an indeterminate sentence under RCW 9.94A.507(1)(b) and affirm the trial court.

FACTS

Martell pleaded guilty to the amended charge of second degree possession of depictions of minors engaged in sexually explicit conduct[1] between July 16, 2015 and July 21, 2015. He stipulated to a criminal history that included convictions for first degree rape of a child and first degree child molestation.

The plea agreement described the standard range for the offense as 43 to 57 months, with 36 months community custody, and the maximum term was described as 5 years. The State agreed to recommend a sentence of 43 months with 36 months community custody.[2]

At sentencing, the trial court sentenced Martell to the agreed sentencing recommendation of 43 months custody and 36 months of community custody. The judgment and sentence did not mention an indeterminate sentence, and the possibility of an indeterminate sentence was not discussed during the sentencing hearing.

The Department of Corrections (DOC) subsequently notified both parties that it believed that Martell was subject to an indeterminate sentence under the sex offender indeterminate sentencing provision, which provides in part, "An offender who is not a persistent offender shall be sentenced under this section if the offender: . . . [h]as a prior conviction for an offense listed in

---

[1] This offense is codified at RCW 9.68A.070(2). At the time of the offense, it was considered a sex offense. Former RCW 9.94A.030(46)(a)(iii) (2012).

[2] The record does not contain the transcript from the change of plea hearing.

*RCW 9.94A.030(31)(b),[3] and is convicted of any sex offense other than failure to register."[4] RCW 9.94A.507(1)(b). In response, the State moved to amend Martell's judgment and sentence to reflect an indeterminate term with a minimum period of incarceration of 43 months and a maximum of 60 months.

Martell opposed the motion. He argued that he did not meet the statutory criteria for an indeterminate sentence because, according to the code reviser's note to RCW 9.94A.507(1)(b), such a sentence required a prior conviction for an offense involving "street gang activity," and he had no such prior offense. Clerk's Papers at 45; Report of Proceedings at 26. He requested specific performance of his plea agreement.

The trial court concluded that Martell was subject to an indeterminate sentence and that the plea agreement was therefore based on a mutual mistake because neither party had understood that Martell would be subject to an indeterminate sentence when they entered into the plea agreement. The trial court then determined that because the plea was based on a mutual mistake, it was not subject to specific performance.

The trial court offered Martell the opportunity to withdraw his guilty plea. Martell elected not to withdraw his guilty plea and continued to argue that he was not subject to an indeterminate

---

[3] In the session law that last amended RCW 9.94A.507, the legislature also amended former RCW 9.94A.030 (2006). *See* LAWS OF 2008, ch. 231, § 23. The session law amending both RCW 9.94A.507 and former RCW 9.94A.030 (2006) defined the term "[p]ersistent offender" in subsection (31) and subsection (31)(b) provided a list of offenses that qualified as persistent offenses. *See* LAWS OF 2008, ch. 231, § 23. The legislature amended former RCW 9.94A.030 (2006) several more times in 2008; we describe those amendments and their effect more fully below.

[4] The asterisk before "RCW 9.94A.030(31)(b)" in this statute refers to a reviser's note that we discuss below.

sentence and that there had been no mutual mistake.[5] The trial court amended Martell's sentence, imposing an indeterminate sentence.

Martell appeals his amended sentence.

## ANALYSIS

Martell argues that he is not subject to an indeterminate sentence because "a plain reading" of the statute, in conjunction with the code reviser's note to RCW 9.94A.507(1)(b), requires that he have a prior conviction for a crime that falls under former RCW 9.94A.030(*36*) (2012).[6] Br. of Appellant at 5. That subsection defines "[p]attern of criminal street gang activity," and Martell points out that he has no such conviction. Because the code reviser's note does not accurately track the amendments to RCW 9.94A.030 from 2001 to 2012, Martell's reliance on the reviser's note is misplaced.[7] As discussed below in detail, correctly tracking the subsequent amendments to former RCW 9.94A.030(31)(b) (2008), as required by RCW 1.12.028, we hold that the citation at the time of Martell's offense should have been to former RCW 9.94A.030(*37*) (2012), which

---

[5] He characterized the mistake, if any, as a breach of the plea agreement because the State had now asked for an indeterminate sentence.

[6] Martell actually refers to former RCW 9.94A.030(37) (*2015*) rather than to former RCW 9.94A.030(*36*) (2012), both of which refer to street gang activity. But the 2015 version of the statute was not in effect until three days *after* Martell committed the charged offense. *See* LAWS OF 2015, ch. 287 § 1. To avoid confusion, we refer to Martell's argument in terms of the 2012 version of the statute.

[7] At the hearing on the State's motion, Martell argued that he was entitled to specific performance of the plea agreement. On appeal, Martell briefly mentions case law related to the appropriate remedy, but he presents no argument related to whether the trial court erred by refusing to allow specific performance. Because Martell has not presented any argument on this issue, we do not address whether the trial court erred in not offering Martell the option of specific performance. RAP 10.3(a)(6).

defined persistent offender. Thus, Martell fails to show that the trial court erred when it sentenced him under the sex offender indeterminate sentencing provision.

## I. STANDARD OF REVIEW AND INTERPRETIVE RULE

Whether Martell was subject to an indeterminate sentence is a question of law. Accordingly, we review the trial court's decision to impose the indeterminate sentence de novo. *State v. Engel*, 166 Wn.2d 572, 576, 210 P.3d 1007 (2009).

Under RCW 1.12.028, "[s]tatutes referencing other statutes *include any amendments to the referenced statute*, absent a clear expression of a contrary intent." *State v. Blilie*, 132 Wn.2d 484, 492, 939 P.2d 691 (1997) (emphasis added). Applying this rule here, the reference to "RCW 9.94A.030*(31)(b)*" in RCW 9.94A.507(1)(b) must be read to include all subsequent amendments to former RCW 9.93A.030 (2012) because there is no express provision limiting our recognition of subsequent amendments.

## II. STATUTORY BACKGROUND

### A. ORIGINAL INDETERMINATE SENTENCING PROVISION AND PRE-2008 AMENDMENTS

The sex offender indeterminate sentencing provision was first enacted in 2001 as former RCW 9.94A.712 (2001). LAWS OF 2001, 2nd Spec. Sess., ch. 12, § 303. The original statute provided that "[a]n offender who is not a persistent offender shall be sentenced under this section if the offender . . . is convicted of any sex offense" committed after September 1, 2001, and "[h]as a prior conviction for an offense listed in RCW 9.94A.030*(32)(b)*." Former RCW 9.94A.712(1)(b) (2001) (emphasis added).

At that time, former RCW 9.94A.030(32) (2001) defined the term "[p]ersistent offender," and subsection (32)(b) listed the offenses that were required to qualify a defendant as a persistent

offender. Between 2001 and 2008, despite numerous amendments to both statutes, the indeterminate sentencing provision consistently referred to prior convictions for offenses listed in the "[p]ersistent offender" definitional statute.[8] In 2006, former RCW 9.94A.030(33) (2006) defined the term "[p]ersistent offender."

### B. 2008 AMENDMENTS

In 2008, the legislature amended former RCW 9.94A.712 (2006), amended former RCW 9.94A.030 (2006) four times, and renumbered former RCW 9.94A.712 (2006) as RCW 9.94A.507.[9] LAWS OF 2008, ch. 231, §§ 23, 33, 56; LAWS OF 2008, ch. 276, § 309; LAWS OF 2008, ch. 230, § 2; LAWS OF 2008, ch. 7, § 1. Each of these amendments was made without reference to the other amendments.

In Laws of 2008, ch. 231, § 33, the legislature amended former RCW 9.94A.712(1)(b) (2006) to cite to former RCW 9.94A.030*(31)(b)* *(2006)*. And in Laws of 2008, ch. 231, § 23, the legislature deleted two subsections from former RCW 9.94A.030 (2006) and renumbered the section defining "[p]ersistent offender" from subsection (33) to subsection (31), making this consistent with the citation contained in RCW 9.94A.507 as amended in the same session law. These amendments were effective August 1, 2009. LAWS OF 2008, ch. 231, §§ 23, 61.

---

[8] *See, e.g.*, former RCW 9.94A.712(1)(b) (2006) (citing former RCW 9.94A.030(33)(b) (2006)); former RCW 9.94A.712(1)(b) (2005) (citing former RCW 9.94A.030(33)(b) (2005)); former RCW 9.94A.712(1)(b) (2004) (citing former RCW 9.94A.030(32)(b) (2003)); former RCW 9.94A.712(1)(b) (2001) (citing former RCW 9.94A.030(32)(b) (2001) (LAWS OF 2001, 2nd Spec. Sess., ch. 12, § 301)).

[9] Laws of 2008, ch. 231, § 56 gave the code reviser authority "to improve the organization of chapter 9.94A RCW by renumbering existing sections." The code reviser subsequently renumbered former RCW 9.94A.712 (2006) as RCW 9.94A.507, effective August 1, 2009. LAWS OF 2008, ch. 231, §§ 61, 33.

In Laws of 2008, ch. 276, § 309, the legislature added four new definitions preceding the persistent offender definition to former RCW 9.94A.030 (2006). Because this amendment was made without reference to the amendments in Laws of 2008, ch. 231, § 23, the amendments in ch. 276 changed the persistent offender subsection from (33) to (37). This amendment was effective June 12, 2008.

In Laws of 2008, ch. 230, § 2, and Laws of 2008, ch. 7, § 1, the legislature amended former RCW 9.94A.030 (2006) again, but the "[p]ersistent offender" definition remained in subsection (33). These amendments took effect 90 days after sine die of the 2010 legislative session and on June 12, 2008, respectively. LAWS OF 2008, ch. 230, § 5.

As a result of the 2008 amendments to former RCW 9.94A.030 (2006), the 2008 printed statutes contained three different versions of former RCW 9.94A.030 (2006), none of which accounted for any of the amendments in the other versions. The first version, effective June 12, 2008, based on the combined amendments from Laws of 2008, ch. 7, § 1 and Laws of 2008, ch. 276, § 309, defined "[p]ersistent offender" in subsection (37). The second version, effective August 1, 2009, based on the amendments from Laws of 2008, ch. 231, § 23, defined "[p]ersistent offender" in subsection (31). Finally, the third version, effective 90 days after sine die of the 2010 legislature, based on the amendments from Laws of 2008, ch. 230, § 2, defined "[p]ersistent offender" in subsection (33).

Again, these amendments were made without reference to each other and the resulting three versions of former RCW 9.94A.030 (2008) in the RCWs did not account for the combined effect

of the changes in 2008. The combined effect of the 2008 amendments would have resulted in subsection (35) defining "persistent offender."[10]

### C. 2009 AMENDMENTS

In 2009, the legislature amended former RCW 9.94A.030 (2008) three times. First, in Laws of 2009, ch. 28, § 4, the legislature amended former RCW 9.94A.030 (2008), including all of the 2008 session laws. The 2009 amendments did not renumber any sections, but subsection (35) defined "[p]ersistent offender," which would be the correct subsection if all of the 2008 amendments were taken into account as of the effective date of August 1, 2009. LAWS OF 2009, ch. 28, § 4.

Second, in Laws of 2009, ch. 375, § 3, the legislature amended former RCW 9.94A.030 (2008), including Laws of 2008, ch. 276, § 309 and Laws of 2008, ch. 7, § 1. Following these amendments, "[p]ersistent offender" was defined in subsection (37), which did not account for *all* of the 2008 amendments. This amendment was effective immediately, but it expired August 1, 2009. LAWS OF 2009, ch. 375, §§ 18(1), 19.

Finally, in Laws of 2009, ch. 375, § 4, the legislature amended former RCW 9.94A.030 (2009), including Laws of 2009, ch. 28, § 4. Among other amendments, this session law renumbered the "[p]ersistent offender" subsection from subsection (35) to subsection (34). This amendment was effective August 1, 2009. LAWS OF 2009, ch. 375, § 18(2). The 2009 printed

---

[10] The starting point in 2008 was subsection (33). Former RCW 9.94A.030 (2006). Laws of 2008, ch. 231, § 23 removed two subsections preceding subsection (33), Laws of 2008, ch. 276, § 309 added four new subsections preceding subsection (33), and the remaining two amendments did not change the subsection numbering. This results in a *net increase of two subsections*, so subsection (33) becomes subsection (35).

statute, incorporating all of the 2009 amendments, defined "[p]ersistent offender" in subsection (34). Former RCW 9.94A.030(34) (2009).

### D. 2010 AMENDMENTS AND CODE REVISER'S NOTE

The legislature then amended former RCW 9.94A.030 (2009) four times in 2010. First, in Laws of 2010, ch. 224, § 1, the legislature amended former RCW 9.94A.030 (2009) and Laws of 2009, ch. 375, § 4. This amendment added a new definition ("[m]inor child") and, accordingly, renumbered the "[p]ersistent offender" definition from (34) to (35).

Second, in Laws of 2010, ch. 274, § 401, the legislature amended former RCW 9.94A.030 (2009) and Laws of 2009, ch. 375, § 4, without reference to the other 2010 amendments. This amendment added a new definition ("[d]omestic violence") and renumbered the "[p]ersistent offender" definition from subsection (34) to subsection (35), not accounting for the amendment in Laws of 2010, ch. 224, § 1.

The remaining two amendments, Laws of 2010, ch. 227, § 11 and Laws of 2010, ch. 267, § 9, did not renumber the "[p]ersistent offender" definition, which remained subsection (34). The 2010 printed statute incorporates all four 2010 amendments and defined "[p]ersistent offender" in subsection (36). Former RCW 9.94A.030(34) (2010).

Starting in 2010, the code reviser included a reviser's note with RCW 9.94A.507. This note commented that subsection (1)(b)'s reference to "RCW 9.94A.030(31)(b)" was "apparently in error" and that "[t]he reference should be to RCW 9.94A.030(34)(b)." *See* RCW 9.94A.507 (Reviser's note (1)). This part of the code reviser's note appears to correctly refer to former RCW 9.94A.030(34)(b) (2009), which reflected all amendments that were in effect when RCW 9.94A.507 took effect on August 1, 2009.

The code reviser then stated that "RCW 9.94A.030 was subsequently amended by 2010 c 224 § 1 and by 2010 c 274 § 401, changing subsection (34) to subsection (*35*)." RCW 9.94A.507 (Reviser's note (1)) (emphasis added). This portion of the reviser's note is incorrect because it does not account for both of the 2010 amendments to former RCW 9.94A.030 (2010), which, combined, resulted in "[p]ersistent offender" being defined in subsection (36), rather than subsection (35). This error resulted in a citation to the "'[p]attern of criminal street gang activity'" subsection. Former RCW 9.94A.030(35) (2010). The code reviser repeated this error in its later reviser's notes.

### E. 2011 AMENDMENTS

The legislature amended former RCW 9.94A.030 (2010) twice in 2011. In Laws of 2011, ch. 87, § 2, the legislature amended former RCW 9.94A.030 (2010), and all four 2010 session laws. This amendment added a new definition ("[h]omelessness") and, accordingly, renumbered the "[p]ersistent offender" definition section from (36) to (37).

In Laws of 2011, Spec. Sess., ch. 40, § 8, the legislature amended former RCW 9.94A.030 (2010) without reference to the other 2011 amendment. This amendment did not change the "[p]ersistent offender" section's number, which was defined in subsection (36).

Accounting for the combined effect of the 2011 amendments, the 2011 printed statute incorporated both 2011 amendments and defined "[p]ersistent offender" in subsection (37). Former RCW 9.94A.030 (2011).

### F. 2012 AMENDMENTS AND CODE REVISER'S NOTE

The legislature amended former RCW 9.94A.030 (2011) only once in 2012. LAWS OF 2012, ch. 143, § 1. This amendment did not change the "[p]ersistent offender" subsection, which

remained subsection (37). The published 2012 statute defined "[p]ersistent offender" in subsection (37). Former RCW 9.94A.030(37) (2012). This is the version of the statute that applies to Martell.

Accounting for both the 2011 and 2012 amendments, the 2012 code reviser's note on RCW 9.94A.507 now provided,

> (1) The reference to RCW 9.94A.030(31)(b) was apparently in error. The reference should be to RCW 9.94A.030(34)(b). RCW 9.94A.030 was subsequently amended by 2010 c 224 § 1 and by 2010 c 274 § 401, changing subsection (34) to subsection (35). RCW 9.94A.030 was subsequently amended by 2011 c 87 § 2, changing subsection (35) to subsection (36).

Former RCW 9.94A.030(36) (2012) defined "[p]attern of criminal street gang activity" and subsection (37) defined "[p]ersistent offender."

### III. APPLICATION

When Martell committed his offense, the sex offender indeterminate sentencing provision provided,

> An offender who is not a persistent offender shall be sentenced under this section if the offender:
>
> . . . .
>
> (b) Has a prior conviction for an offense listed in *RCW 9.94A.030*(31)(b)*, and is convicted of any sex offense other than failure to register.

RCW 9.94A.507(1) (emphasis added). The accompanying code reviser note stated in part,

> *(1) The reference to RCW 9.94A.030(31)(b) was apparently in error. The reference should be to RCW 9.94A.030(34)(b). RCW 9.94A.030 was subsequently amended by 2010 c 224 § 1 and by 2010 c 274 § 401, changing subsection (34) to subsection (35). RCW 9.94A.030 was subsequently amended by 2011 c 87 § 2, changing subsection (35) to subsection (36).

RCW 9.94A.507 (Reviser's note).[11]

Although the code reviser's note attempts to trace the evolution of RCW 9.94A.030 from 2001 to 2012, as required by RCW 1.12.028, it is incorrect. As noted above, the code reviser failed to take into account two amendments to former RCW 9.94A.030 (2009) in 2010. The correct citation following the 2010 amendments was to subsection (36), not subsection (35) as the code reviser's note states. The subsequent code reviser comments continued this error.

As discussed above, tracking the subsequent amendments to former RCW 9.94A.030(31)(b) (2008), as required by RCW 1.12.028, the citation at the time of Martell's offense should have been to former RCW 9.94A.030(*37*) (2012).[12] Accordingly, to be subject to RCW 9.94A.507(1)(b), Martell had to have a prior conviction for an offense listed under former RCW 9.94A.030(37)(b) (2012), the definition of "[p]ersistent offender." Martell stipulated to two such prior offenses, a first degree rape of a child conviction and a first degree child molestation conviction. Former RCW 9.94A.030(37) (2012). Thus, the trial court did not err when it concluded that Martell was subject to an indeterminate sentence.

---

[11] The code reviser added the following additional sentence to its note after the legislature amended the statute again in 2015: "RCW 9.94A.030 was subsequently amended by 2015 c 287 § 1, changing subsection (36) to subsection (37)." *See* RCW 9.94A.570 (Reviser's note). That portion of the reviser's note is irrelevant here because the crime was completed before the effective date of the 2015 amendment.

[12] "Persistent offender" is currently defined in RCW 9.94A.030(38).

No. 48890-6-II

We affirm.

JOHANSON, J.

We concur:

MAXA, A.C.J.

LEE, J.

13