IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31599-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DARIN RICHARD BARRY, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Darin Richard Barry appeals his convictions for two counts of malicious mischief in the third degree and one count of malicious mischief in the second degree. Mr. Barry contends the trial court erred in (1) denying his motion to dismiss for discovery violations under CrR 4.7(h)(7)(i) and CrR 8.3(b), (2) denying his motion to dismiss the count III third degree malicious mischief conviction without due consideration of his request for compromise under chapter 10.22 RCW, and (3) in admitting certain evidence he claims is irrelevant and prejudicial. We affirm his convictions on counts I and II for malicious mischief in the second and third degree, and remand for the trial court to consider Mr. Barry's compromise request for count III.

FACTS

In August 2012, Mr. Barry damaged three different properties by spray painting threatening language on various items and breaking a window and doors. Because his

own house had been burglarized, he justified his vandalism as seeking to "put the fear" into those he believed had committed the crime. Report of Proceedings (RP) at 56, 84. Mr. Barry admitted his vandalism when confronted by officers. With Mr. Barry's consent, his confession was recorded in two parts on two different compact discs (CD)s. The officers' narrative report stated the confession was recorded and summarized. Mr. Barry was charged with one count of malicious degree in the second degree, a felony, and two counts of malicious mischief in the third degree, a gross misdemeanor.

Mr. Barry's two-day trial started February 20, 2013. In December 2012, Mr. Barry's attorney demanded discovery, including any recorded statements Mr. Barry had made. The narrative report and the CD of the first part of Mr. Barry's confession were sent to Mr. Barry on December 5, 2012. Mr. Barry's property damage admissions were not included. Because of a State mistake, the second CD containing Mr. Barry's confession was not provided to Mr. Barry until February 15, 2013 at 8:45 a.m.

The discovery delivered to Mr. Barry in December 2012 included five photographs of items spray painted with the letters Ku Klux Klan "KKK," a business card from Eric Heise, and Mr. Heise's estimate of the cost to remove the spray paint from damaged property. The State did not disclose its witness list until 4:35 p.m. on February 19, 2013. The witness list indicated Mr. Heise and Sandy Trump would testify on the extent of damage to property and the cost to repair. Prior criminal convictions of individuals on the witness list were not disclosed until the afternoon of February 19, 2013.

2

No. 31599-1-III
*State v. Barry*

On February 20, the first morning of trial, Mr. Barry brought four pretrial motions, three of which are at issue here: for sanctions or dismissal, to dismiss count III of III, and in limine. The motion for sanctions or dismissal, based on the State's discovery violations, argued Mr. Barry had to choose between his right to adequately prepared counsel and his right to a speedy trial. Mr. Barry's speedy trial period was set to run on February 28, 2013, but he did not seek a continuance. The motion to dismiss count III was based on the misdemeanor compromise statute. The motion in limine objected to the admission of irrelevant and prejudicial photographs depicting "KKK" in orange spray paint. The trial court noted Mr. Barry's ongoing objection to the State's discovery violations but stated it would hear Mr. Barry's motions post-trial at sentencing.

Mr. Barry was convicted as charged. At sentencing, the trial court denied all of Mr. Barry's motions. Mr. Barry appealed.

## ANALYSIS

### A. Discovery Violation Rulings Not Reversible Error

The issue is whether the trial court erred in not dismissing the charges against Mr. Barry under CrR 4.7(h)(7)(i) or CrR 8.3(b) for discovery mismanagement. Mr. Barry mainly contends the State failed to timely comply with its obligations under CrR 4.7. He argues the State's failure to provide his recorded confession, the State's witness list, and the criminal convictions of those witnesses constituted governmental prejudicial misconduct depriving him of a fair trial.

CrR 4.7 lists the State's responsibilities when engaging in discovery. *State v. Blackwell*, 120 Wn.2d 822, 826, 845 P.2d 1017 (1993). Generally, the State must disclose "evidence that is material and favorable to the defendant." *Id.*; CrR 4.7(a)(3). The purpose behind discovery disclosure is to protect against surprise that might prejudice the defense. *State v. Bradfield*, 29 Wn. App. 679, 682, 630 P.2d 494 (1981). If the State fails to disclose such evidence or comply with a discovery order, a defendant's constitutional right to a fair trial may be violated; as a remedy, a trial court can grant a continuance, dismiss the action, or enter another appropriate order. *Blackwell*, 120 Wn.2d at 826; CrR 4.7(h)(7)(i). A trial court exercises discretion when deciding how to deal with a discovery violation. *Bradfield*, 29 Wn. App. at 682.

A defendant must show the prosecution did not act with due diligence and "material facts were withheld from the defendant . . . which essentially compelled the defendant to choose between two distinct rights": the right to a speedy trial and the right to adequately prepared counsel. *State v. Woods*, 143 Wn.2d 561, 582-83, 23 P.3d 1046 (2001); *State v. Price*, 94 Wn.2d 810, 814, 620 P.2d 994 (1980) (injecting new facts forces the choice between the rights).

Similarly, CrR 8.3(b) authorizes a court to "dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's rights to a fair trial." A defendant must make two showings to justify dismissal under CrR 8.3(b): (1) arbitrary action or governmental misconduct and (2) prejudice affecting the defendant's right to a

4

fair trial. *State v. Michielli*, 132 Wn.2d 229, 239, 937 P.2d 587 (1997). Governmental misconduct can be something as basic as simple mismanagement. *Id.* at 239. Prejudice under CrR 8.3(b) includes the right to a speedy trial and the right to adequately prepared counsel. *Id.* at 240.

Dismissal under CrR 4.7 or CrR 8.3 for a violation of a discovery order is an extraordinary remedy. *See State v. Ramos*, 83 Wn. App. 622, 636-37, 922 P.2d 193 (1996). We review discovery violation sanctions for an abuse of discretion. *State v. Smith*, 67 Wn. App. 847, 851, 841 P.2d 65 (1992). Discretion is abused when a trial court's decision is exercised on untenable grounds or for untenable reasons or is manifestly unreasonable. *Blackwell*, 120 Wn.2d at 830.

First, Mr. Barry contends his recorded confession was the key to his conviction. He unconvincingly argues, had his counsel known earlier about the recorded confession, he would have been advised differently on whether to accept the State's plea offer. While the State should have provided Mr. Barry with the confession earlier, he fails to show reversible prejudice. He cites to *State v. Brooks*, 149 Wn. App. 373, 203 P.3d 397 (2009), to argue Washington has ruled summaries of statements are insufficient and prejudicial. But he misidentifies the quoted portion as the ruling rather than a case fact recitation. *Id.* at 379. Here, Mr. Barry received a copy of the officers' narrative report back in December 2012, showing a confession had been obtained and recorded with a detailed summary of the confession. A comparison of the summary and the confession shows no material inconsistencies; thus, no prejudice resulted. *See*

5

*State v. Farnsworth*, 133 Wn. App. 1, 14, 130 P.3d 389 (2006) (no prejudice shown where the State failed to provide defendant with a video copy of a witness' statement implicating defendant in a robbery because defendant "had timely received a comprehensive summary of [the] statement" in a police report"). Moreover, Mr. Barry himself was aware he had confessed and he knew his confession was recorded.

Second, Mr. Barry contends the trial court erroneously permitted expert testimony by Mr. Heise and Ms. Trump when he was not informed of the existence of these witnesses or the substance of their testimony until a day before trial. Mr. Heise and Ms. Trump testified about the amount of damage Mr. Barry caused and the cost to repair this damage. One charge against Mr. Barry was malicious mischief in the second degree, requiring the State prove "physical damage to the property of another in an amount exceeding seven hundred fifty dollars." RCW 9A.48.080(1)(a). By charging Mr. Barry with this crime, he was placed on notice the State intended to introduce evidence relating to the amount of physical damage. *See State v. Cannon*, 130 Wn.2d 313, 329, 922 P.2d 1293 (1996) (no interjection of new facts and thus no prejudice caused by delay in producing deoxyribonucleic acid (DNA) results where defendant was "placed on notice from the time of charging that the State intended to introduce scientific evidence relating to blood samples . . . in order to tie [defendant] to the crime"). The State provided Mr. Barry with Mr. Heise's business card and estimate back in December 2012. When the State became aware Mr. Barry challenged the State's estimate of

damage, the State procured another witness to buttress Mr. Heise's valuation and timely disclosed this to Mr. Barry.

Third, Mr. Barry's argument concerning the State's failure to disclose its witnesses' criminal convictions appears as part of a long list of discovery violations he claims shows government mismanagement and prejudice. But no prejudice resulted from the State's late disclosure of the criminal convictions of its witnesses. Mr. Barry contends his counsel was not adequately prepared to cross-examine the witnesses, however, he provides no specifics. Notably, defense counsel did not bring up any convictions at trial even though he knew of them.

In sum, Mr. Barry does not persuade us he was surprised by either the existence of a recording of his confession or its substance. Mr. Barry knew the State had to prove the jurisdictional amount to convict him of malicious mischief in the second degree and would have to use experts to do this. Mr. Barry's counsel made no showing as to how he would have prepared differently had he known of the convictions months before trial. While the State did commit discovery violations, no prejudice resulted. Finally, although eight days remained on Mr. Barry's speedy trial limit, he did not ask for a continuance to prepare further after receiving the late discovery.

B. Misdemeanor Compromise Request Requires Remand

The issue is whether the trial court erred in denying Mr. Barry's motion to dismiss count III, malicious mischief in the third degree, under the misdemeanor compromise

7

statute. Mr. Barry contends the court abused its discretion because it erroneously denied his motion by incorrectly interpreting and applying a local court rule.

The purpose of the misdemeanor compromise statute is "'restitution to crime victims and avoidance of prosecution for minor offenders.'" *State v. Ford*, 99 Wn. App. 682, 686, 995 P.2d 93 (2000) (quoting *State v. Norton*, 25 Wn. App. 377, 380, 606 P.2d 714 (1980)). The misdemeanor compromise statute "allows a defendant to avoid conviction for certain misdemeanors" under circumstances detailed in RCW 10.22.010. *Id.* at 685. Subject to a few exceptions, to qualify for a misdemeanor compromise, the crime charged must be a misdemeanor and an independent civil remedy must exist. RCW 10.22.010. Gross misdemeanors are subject to dismissal under the statute. *State v. Britton*, 84 Wn. App. 146, 150, 925 P.2d 1295 (1996). No limitations appear for using a misdemeanor compromise in superior court. *See* RCW 10.22.010-.030. The trial court has discretion to approve a compromise. Compromises are allowed when the injured party appears in court and attests, in writing, he or she received satisfaction for the injury. RCW 10.22.020. Decisions relating to dismissing charges under RCW 10.22 are reviewed for an abuse of discretion. *State v. Stalker*, 152 Wn. App. 805, 810, 219 P.3d 722 (2009); *see also State v. Perdang*, 38 Wn. App. 141, 145-46, 684 P.2d 781 (1984) (discretion requires a trial court to consider a defendant's individual circumstances).

From this record, we cannot say the trial court gave full consideration to Mr. Barry's personal circumstances and the case facts. The court arguably based its denial

8

of Mr. Barry's motion to dismiss pursuant to the misdemeanor compromise statute solely on timing. The court indicated it would have granted the motion had it been brought before the readiness hearing. But Mr. Barry was not able to procure the injured party's signature until a week before trial. Whitman County Local Rule 3.3(i)(2) provides that after the readiness hearing, the case will be tried by a jury unless charges are dismissed. Charges can be dismissed under the misdemeanor compromise statute. Nothing in the local rule appears to prevent dismissal of charges up to and through trial. Given all, we conclude Mr. Barry's compromise motion is entitled to full consideration by the trial court. To the extent the trial court limited its consideration, it erred.[1] On remand the trial court retains the discretion to grant or deny the compromise. If granted, the trial court will vacate the conviction on count III and resentence Mr. Barry.

C. KKK Evidence Admissibility Was Within Trial Court's Discretion

The issue is whether, considering ER 403, the trial court erred in its decision to admit into evidence testimony and photographs of "KKK" in orange spray paint. Mr. Barry contends the evidence contains little to no probative value yet has a high danger for unfair prejudice.

"Relevancy and the admissibility of relevant evidence are governed by ER 401 and ER 402." *State v. Rice*, 48 Wn. App. 7, 11, 737 P.2d 726 (1987). Relevant

---

[1] The reasons the State provides in support of the court's decisions are without merit. First, a jury would have been needed regardless of whether one count of malicious mischief was dismissed because two other counts remained. Second, both parties still would have had to prepare for trial. Third, while the witness for the count in question had been subpoenaed, he still would have been required to appear in court. *See* RCW 10.22.020.

9

evidence is evidence with probative value, meaning a tendency to prove or disprove a material fact. ER 401; *Rice*, 48 Wn. App. at 12. Relevant evidence is generally admissible, and irrelevant evidence is inadmissible. ER 402. ER 403 provides relevant evidence can "be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." A danger of unfair prejudice exists "'[w]hen evidence is likely to stimulate an emotional response rather than a rational decision.'" *State v. Beadle*, 173 Wn.2d 97, 120, 265 P.3d 863 (2011) (quoting *State v. Powell*, 126 Wn.2d 244, 264, 893 P.2d 615 (1995)).

Trial courts have considerable discretion to consider the relevancy of evidence and to balance "the probative value of the evidence against its possible prejudicial impact." *Rice*, 48 Wn. App. at 11. As such, we review a trial court's decision on relevance and prejudicial effect for manifest abuse of discretion. *Id.* "Abuse of discretion is discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Id.* (internal quotations omitted). Any error in a trial court's decision "'requires reversal only if, within reasonable probabilities, it materially affected the outcome of the trial.'" *Beadle*, 173 Wn.2d at 120-21 (quoting *State v. Russell*, 125 Wn.2d 24, 94, 882 P.2d 747 (1994)).

Mr. Barry was charged with malicious mischief in the second and third degree. "A person is guilty of malicious mischief in the second degree if he . . . knowingly and maliciously [c]auses physical damage to the property of another in an amount

exceeding seven hundred fifty dollars." RCW 9A.48.080(1)(a). "A person is guilty of malicious mischief in the third degree if he . . . [w]rites, paints, or draws any inscription . . . on any . . . private building or other structure" owned by another. RCW 9A.48.090(1)(b).

The five photographs depicting "KKK" spray painted on various items on the three injured properties are relevant to the crimes charged because they show physical damage on each of the three properties. Two of the photographs relate to the more serious second degree malicious mischief. On the other hand, the "KKK" depictions have potentially high danger of unfair prejudice, especially if any particularly offended person may have been on the jury. Mr. Barry aptly notes, a jury's emotions could be so inflamed by a perceived showing of racism that the jury used emotion rather than reason as a basis for conviction. Even so, we cannot say the trial court's weighing of the probative value against the unfair prejudice was an abuse of discretion. And, even if the trial court had erred in admitting the evidence, the error would be harmless. Mr. Barry had confessed on tape to the charges. In the end, the court allowed one "KKK" photograph on one of the minor charges, two "KKK" photographs on the other minor charge, and two "KKK" photographs on the more serious charge. Considering all, we do not conclude the trial court abused its discretion in admitting the five photographs to depict the damage to the three different properties.

No. 31599-1-III
*State v. Barry*

Affirmed, except we remand for further proceedings consistent with this opinion.

_____
Brown, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.

12