# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50234-8-II |
| Respondent, | |
| v. | |
| ERNEST LEE WILLIAMS, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, C.J. – Ernest Williams appeals his convictions of unlawful possession of a controlled substance, unlawful use of drug paraphernalia, and resisting arrest. We hold that the trial court did not err in (1) allowing a police officer to testify that his observations of Williams were consistent with his prior observations during his 20-year career of other individuals who were under the influence of a controlled substance, and (2) excluding evidence that the officer did not file his report regarding Williams's arrest until the first day of trial. We also hold that Williams's assertions in his statement of additional grounds (SAG) have no merit. Accordingly, we affirm Williams's convictions.

## FACTS

On August 25, 2016, two Fife police officers attempted to arrest Williams on an outstanding warrant as he stood next to his vehicle in a hotel parking lot. Williams resisted their

attempts to subdue him. In the struggle, one of the officers struck Williams with a closed fist in his side and face. They then were able to hold Williams down and handcuff him.

Sergeant Thomas Thompson arrived shortly after and took custody of Williams. A search incident to arrest revealed a glass smoking device in Williams's jacket. Another officer observed what appeared to be a bag of methamphetamine in the car. After obtaining a warrant, the officer seized the methamphetamine and found a wallet in the glove box containing Williams's identification.

The State charged Williams with unlawful possession of a controlled substance, unlawful use of drug paraphernalia, third degree assault, and resisting arrest.

Thompson testified that Williams was agitated, had slurred speech, and had bloodshot and watery eyes. Over Williams's objection, Thompson stated that his observations of Williams's behavior were consistent with observations he previously had made of individuals who were under the influence of a controlled substance.

During cross examination, Thompson stated that he wrote his report within a few days after the incident. Williams then asked Thompson when he filed his report, and the State objected on relevance grounds. Williams explained his theory that the arresting officers used excessive force. He argued that Thompson tailored his report to protect the officers from an excessive force claim by saying that Williams was still resisting when Thompson arrived on the scene. The trial court sustained the State's objection.

The jury acquitted Williams of third degree assault but found him guilty of unlawful possession of a controlled substance, unlawful use of drug paraphernalia, and resisting arrest. Williams appeals his convictions.

ANALYSIS

A.   ADMISSION OF LAY OPINION

Williams argues that the trial court erred under ER 701 and ER 403 in allowing Thompson to give an opinion that Williams was under the influence of controlled substances at the time of his arrest.[1]  We disagree.

1.   Standard of Review

We review a trial court's decision to admit evidence for an abuse of discretion.  *State v. Quaale*, 182 Wn.2d 191, 196, 340 P.3d 213 (2014).  A trial court has considerable discretion in determining the admissibility of evidence.  *Id*.  An abuse of discretion occurs only where a trial court's decision is manifestly unreasonable or based on untenable grounds or reasons.  *Id*. at 197.  There is no abuse of discretion if reasonable persons could disagree regarding admissibility of evidence.  *Id*. at 196.

2.   Challenged Testimony

Initially, Williams mischaracterizes Thompson's testimony when he states that Thompson testified that Williams was under the influence of controlled substances at the time of his arrest.  Thompson's actual testimony was as follows:

> Q. Detective, you testified yesterday that you had come into contact with hundreds of drug users over the course of your 20-year career; is that right?
>
> A. That's correct.
>
> Q. And during the course of your career, have you had the opportunity to observe individuals who were under the influence of controlled substances?

---

[1] Williams also states that there was an inadequate foundation for admitting Thompson's opinion as expert testimony under ER 702.  Because the trial court admitted the evidence under ER 701, we do not address ER 702.

A. Yes, I have.

Q. And your observations of the defendant on August 26th, 2015, were those observations consistent or inconsistent with the observations that you made of individuals under the influence of a controlled substance?

A. They were consistent.

Report of Proceedings at 322-23.

In other words, Thompson's opinion was that his observations of Williams were consistent with observations he had made in the past of persons under the influence of a controlled substance. Thompson did not directly state an opinion that Williams was under the influence of a controlled substance.

3. ER 701 Analysis

Williams argues that Thompson's testimony constituted an impermissible lay opinion under ER 701. We disagree.

Under ER 701, a witness not testifying as an expert can offer opinions that are (1) rationally based on the witness's perceptions, (2) helpful to the trier of fact in understanding the witness's testimony or determining a fact in issue, and (3) not based on scientific, technical, or other specialized knowledge covered by ER 702. *State v. Montgomery*, 163 Wn.2d 577, 591, 183 P.3d 267 (2008). We review for an abuse of discretion a trial court's admission of lay opinion testimony under ER 701. *State v. Blake*, 172 Wn. App. 515, 523, 298 P.3d 769 (2012).

A lay witness's observation of a person's intoxication generally is permissible under ER 701. *Montgomery*, 163 Wn.2d at 591. However, testimony regarding intoxication may be improper when it constitutes an opinion regarding the defendant's guilt. *See Quaale*, 182 Wn.2d at 199-200 (holding that an officer's opinion that the defendant was "impaired" because of

alcohol intoxication was improper in a driving under the influence case); *see also Montgomery*, 163 Wn.2d at 591 (stating that impermissible opinion testimony includes expressions of personal belief as to the defendant's guilt).

Here, Thompson's testimony was based on his perceptions of Williams compared to his observations of many other persons under the influence of controlled substances over his 20-year career. The testimony was helpful to the jury in understanding Williams's behavior in attempting to avoid arrest. And Thompson did not express an opinion regarding Williams's guilt on any of the charges or even regarding whether Williams was under the influence of a controlled substance.

Accordingly, we hold that the trial court did not abuse its discretion under ER 701 in allowing Thompson's testimony.

4. ER 403 Analysis

Williams briefly argues that the trial court should have excluded Thompson's testimony under ER 403. We disagree.

ER 403 allows a trial court to exclude relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice." Evidence may be unfairly prejudicial when it generates an emotional rather than a rational response by the jury or when it promotes a decision on an improper basis. *State v. Haq*, 166 Wn. App. 221, 261, 268 P.3d 997 (2012). The trial court has considerable discretion to consider what evidence is relevant and to balance its possible prejudicial impact against its probative value. *State v. Barry*, 184 Wn. App. 790, 801, 339 P.3d 200 (2014).

The trial court ruled that ER 403 did not prelude Thompson's testimony regarding intoxication. As noted above, this testimony was relevant. Williams does not explain why Thompson's testimony was unfairly prejudicial or more prejudicial than probative.

Accordingly, we hold that the trial court did not abuse its discretion in ruling that ER 403 did not render Thompson's testimony inadmissible.

B. EXCLUSION OF EVIDENCE REGARDING INCIDENT REPORT

Williams argues that the trial court erred in not allowing him to cross-examine Thompson about why he did not file his police report on the incident until the first day of trial. He claims that the court's ruling violated his right to confront adverse witnesses. We disagree.

1. Legal Principles

Under the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution, a defendant in a criminal case has the right to confront the witnesses against him. *State v. Lee*, 188 Wn.2d 473, 486-87, 396 P.3d 316 (2017). The main purpose of this right is the opportunity to cross-examine adverse witnesses. *Id.* at 487. A defendant generally has the right to cross-examine witnesses with bias evidence if that evidence is relevant. *State v. Fisher*, 165 Wn.2d 727, 752, 202 P.3d 937 (2009).

But the right to cross-examination is not without limits. *Lee*, 188 Wn.2d at 487. Despite the confrontation right, trial courts have wide latitude to impose reasonable limits on cross-examination. *Id.* A trial court may limit questioning that is only marginally relevant. *Id.* Similarly, a trial court "may deny cross-examination if the evidence sought is 'vague, argumentative, or speculative.' " *Id.* (quoting *State v. Darden*, 145 Wn.2d 612, 621, 41 P.3d 1189 (2002)).

We apply a three-part test to determine whether a trial court's limitation on the scope of cross-examination violated a defendant's confrontation right:

> First, the evidence must be of at least minimal relevance. Second, if relevant, the burden is on the State to show the evidence is so prejudicial as to disrupt the fairness of the fact-finding process at trial. Finally, the State's interest to exclude prejudicial evidence must be balanced against the defendant's need for the information sought, and only if the State's interest outweighs the defendant's need can otherwise relevant information be withheld.

*Lee*, 188 Wn.2d at 488 (quoting *Darden*, 145 Wn.2d at 622).

We review the relevance of proposed cross-examination for an abuse of discretion.[2] *State v. Lile*, 188 Wn.2d 766, 782, 398 P.3d 1052 (2017). Abuse of discretion exists when the trial court's ruling is manifestly unreasonable or based on untenable grounds or reasons. *Id.*

2. Analysis

Williams asserts that Thompson's incident report stated that Williams was still resisting after the arresting officers had handcuffed him, which he claims was inconsistent with the officers' testimony that Williams stopped resisting after being punched. Williams argues that he should have been allowed to cross-examine Thompson about the late filing of the report because the timing of the report showed that Thompson was trying to protect his fellow officers from an excessive force claim.

---

[2] The standard of review for a limitation on cross-examination is somewhat unsettled. The Supreme Court in *State v. Jones* stated that a claim that the trial court violated a defendant's right to present a defense is reviewed de novo. 168 Wn.2d 713, 719, 230 P.3d 576 (2010). But in *Lile* and *Lee* the court more recently stated without qualification that a limitation on the scope of cross-examination is reviewed for an abuse of discretion. *Lile*, 188 Wn.2d at 782; *Lee*, 188 Wn.2d at 486. Nevertheless, this court has agreed that at least the relevance prong is reviewed for an abuse of discretion. *State v. Blair*, 3 Wn. App. 2d 343, 350-51, 415 P.3d 1232 (2018); *State v. Horn*, 3 Wn. App. 2d 302, 311, 415 P.3d 1225 (2018).

However, this evidence is not even minimally relevant. Williams did not explain at trial and does not explain on appeal why *when* Thompson filed his report was relevant to Williams's position that Thompson was biased; that he was trying to protect his fellow officers from an excessive force claim. Thompson testified that he prepared the report shortly after the incident. Williams has not shown that waiting to file the report until the day of trial rather than filing the report immediately would have affected any excessive force claim. The contents of the report may have supported Williams's position, but he was not precluded from cross-examining Thompson regarding the contents.[3]

We hold that the trial court did not abuse its discretion in precluding Williams from cross-examining Thompson regarding the timing of filing his incident report.

C.      SAG CLAIMS

Williams raises three grounds in his SAG. First, he asserts that the jury verdict incorrectly referred to him as Ernest L. Williams, Jr., when in fact he has never been a junior. The heading in the jury verdict forms did refer to Williams's "AKA" as Ernest Lee Williams, Jr. Clerk's Papers (CP) at 85-88. But the jury's actual verdict stated, "We, the jury, find the defendant, ERNEST LEE WILLIAMS, guilty." CP at 86-88. We find no error.

Second, Williams asserts that defense counsel improperly told the jury to find him guilty of resisting arrest when in fact he pleaded not guilty to all charges. But this was a strategic decision on the part of defense counsel. Defense counsel argued that the facts only supported resisting arrest, not third degree assault. This strategy apparently was successful; the jury

---

[3] At trial, Williams argued that when Thompson filed the report was relevant because it showed sloppy police work. But he does not make that argument on appeal, so we do not address it.

convicted Williams of only misdemeanor resisting arrest and not felony assault. *See State v. Grier,* 171 Wn.2d 17, 43, 246 P.3d 1260 (2011) (stating that defense counsel does not provide ineffective assistance by pursuing legitimate trial strategies).

Third, Williams asserts that the trial court violated his time to trial rights when the court continued the trial beyond the commencement date of October 31, 2016. But on that date, the trial court continued the trial to January 19, 2017 under CrR 3.3(f)(2) because of witness unavailability. And on January 19, the trial court continued the trial to March 2 at Williams's request under CrR 3.3(f)(1) and (2). In granting each continuance, the trial court complied with CrR 3.3(f). The trial court did not violate Williams's time to trial rights.

CONCLUSION

We affirm Williams's convictions of unlawful possession of a controlled substance, unlawful use of drug paraphernalia, and resisting arrest.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

BJORGEN, J.

LEE, J.