IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36047-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| JAMES NATHEN DOLLARHYDE, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — James Dollarhyde appeals his conviction and

sentence for failing to register as a sex offender. He raises several issues. One is

dispositive.

RCW 9A.44.130(6)(b) requires sex offender registrants without a fixed address to

report weekly to the county sheriff, to keep an accurate accounting of where they stayed

that week, and to provide the accounting to the county sheriff *upon request*. To convict a

transient for violating this requirement, a strict reading of the statute requires the State to

prove that the sheriff's office made a clear and specific request for this accounting for the

week in question. Here, the State failed to present this evidence. We, therefore, reverse

Dollarhyde's conviction.

## FACTS

In 2013, Dollarhyde was convicted as a juvenile for first degree child molestation. As a result, Dollarhyde is subject to the registration requirements of RCW 9A.44.130.

*Stay at jail*

In January 2018, Dollarhyde was under supervision by the Department of Corrections (DOC). On January 2, Dollarhyde underwent a urinalysis pursuant to his community custody conditions and tested positive for tetrahydrocannabinol (THC), the principal active constituent of cannabis. This violated the terms of Dollarhyde's community custody. The DOC detained Dollarhyde and imposed a sanction of two days' confinement.

*Stay at the Larson residence*

On January 7, Julie Larson moved to an apartment at 102 East 21st Street in the city of Goldendale. Julie's daughter, Melissa Larson, knew Dollarhyde through mutual friends, and Dollarhyde assisted the family with moving into the apartment. Dollarhyde slept on the floor of the apartment one to four nights that week.

*Registering with the sheriff's office*

Dollarhyde had not had a fixed place of residence since sometime in

2015. As a transient, he was required to report weekly to the sheriff's office.

*See* RCW 9A.44.130(6)(b).

Dollarhyde completed weekly forms for January 2018. The forms requested

information, including Dollarhyde's last registered address and new address. On the

forms dated January 2, 2018, January 8, 2018, January 16, 2018, and January 22, 2018,

Dollarhyde wrote "homless." Exs. 5-8. On the blank backside of the forms, Dollarhyde

wrote: 315 West Allyn, ABC Bridge, and Singing Bridge. On the January 16 and January

22 forms, he indicated the number of nights he stayed in each location that week.

Dollarhyde failed to indicate on the January 8, 2018 form that he had stayed two

nights at the jail that week. He also failed to indicate on the January 16, 2018 form that

he had stayed at Ms. Larson's apartment that week. For these reasons, the State charged

Dollarhyde with failure to register as a sex offender. Prior to trial, Dollarhyde waived his

right to a jury.

*Trial*

A sheriff's employee testified that transient sex offenders must report weekly and

are required to provide a list of addresses where they stayed that week. When asked if

she ever met with Dollarhyde to go over the registration requirements, she testified she met with him in 2015, when he first began registering. It was at this time she provided him a copy of the registration laws and requested that he disclose on each weekly form where he stayed that week.

A second employee testified she had asked Dollarhyde to provide an accounting of his whereabouts on the weekly forms, but did not know whether she had made any such request in January 2018.

The trial court found Dollarhyde guilty of failing to register as a sex offender and sentenced him to 50 months of confinement.

Dollarhyde appealed to this court.

ANALYSIS

FAILURE TO REGISTER

Dollarhyde contends there was insufficient evidence that the sheriff's office requested him to provide an accounting of where he stayed during the relevant time period.

When a defendant challenges the sufficiency of the evidence, the proper inquiry is "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119

Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Id.* Furthermore, "[a] claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.* In a challenge to the sufficiency of the evidence, circumstantial evidence and direct evidence carry equal weight. *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004).

RCW 9A.44.130(6)(b) outlines the registration requirements for transient sex offenders; it provides:

> A person who lacks a fixed residence must report weekly, in person, to the sheriff of the county where he or she is registered. The weekly report shall be on a day specified by the county sheriff's office, and shall occur during normal business hours. *The person must keep an accurate accounting of where he or she stays during the week and provide it to the county sheriff <u>upon request</u>*.

(Emphasis added.)

Statutes establishing procedures leading to a loss of liberty are construed strictly. *In re Cross*, 99 Wn.2d 373, 379, 662 P.2d 828 (1983). If a transient is to be incarcerated for failing to provide an accurate accounting of where he or she stayed the prior week, a strict reading of RCW 9A.44.130(6)(b) requires the sheriff's office to make a clear and specific request each week for that accounting.

No. 36047-4-III
*State v. Dollarhyde*

The forms Dollarhyde completed on January 8 and January 16 did not request him to provide an accounting of where he stayed that week. The State argues there is sufficient evidence it requested an accounting because Dollarhyde consistently wrote on the back of the forms where he stayed. The State's argument assumes it is sufficient to make a continuing request once, perhaps years earlier. As noted above, a strict reading of RCW 9A.44.130(6)(b) requires a specific request for the week in question.

Here, the evidence was insufficient for a trier of fact to find beyond a reasonable doubt that the sheriff's office—on January 8, 2018 or January 16, 2018—requested Dollarhyde to provide an accounting of where he stayed for either of those weeks.[1] His conviction, therefore, must be reversed.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Pennell, J.

---

[1] This could have been avoided by using a form that explicitly requests transients to list all places stayed that week.

6