

**FILED**
**SEPTEMBER 10, 2020**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36419-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IZAAC JERMEL INNES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Following the jury's return of a verdict finding Izaac Innes guilty

of second degree murder—his third "most serious offense" for purposes of the Persistent

Offender Accountability Act (POAA)[1]—the trial court sentenced him to life without the

---

[1] RCW 9.94A.030(38)(a), .570.

possibility of parole. On appeal, Mr. Innes initially challenged the constitutionality of applying the POAA to offenders who committed a predicate offense while a young adult. After the Washington Supreme Court held that application of the POAA in such circumstances is constitutional, however,[2] Mr. Innes filed an amended opening brief. He now makes only one assignment of error: he points out that his judgment and sentence imposes interest on nonrestitution financial obligations in violation of RCW 10.82.090. The State concedes error. We accept the State's concession and remand with directions to make the necessary ministerial correction.

In a pro se statement of additional grounds (SAG), Mr. Innes contends the trial court erred when it denied his trial lawyer's pretrial motion to dismiss the charges against him as a remedy for State discovery violations. The trial court did not abuse its discretion in denying the motion and addressing the State's untimely discovery production in other ways. The conviction is affirmed.

FACTS AND PROCEDURAL BACKGROUND

Izaac Innes was convicted of second degree murder, for shooting and killing Jeremy Ayers outside a home on Maxwell Avenue. The evidence at trial was that Mr. Innes shot Mr. Ayers with a high-powered rifle from a slow moving vehicle that was being driven by Darren Bercier.

---

[2] *See State v. Moretti*, 193 Wn.2d 809, 813, 446 P.3d 609 (2019).

The shooting took place in the early morning hours of July 30, 2016, during which police responded to reports of three shootings in the same general area of Spokane. The shootings occurred within a span of about two-and-a-half hours. The first report was of the shooting at Maxwell Avenue. The second report was of the nonfatal shooting of two men at a home on Sharp Avenue. Mr. Bercier was charged with that shooting, and allegedly used the same rifle Mr. Innes had used to shoot Mr. Ayers. The third report turned out to be a false report.

Charges against Mr. Innes proceeded to trial two years later. On the morning of what was supposed to have been his August 6, 2018 trial date, Mr. Innes filed a motion to dismiss the case, relying on CrR 4.7 and 8.3. He accused the State of unreasonable delay in producing potentially exculpatory evidence about the Sharp Avenue shootings. He argued that at the pretrial conference conducted on July 27, all parties indicated they were ready to proceed to trial on Monday, August 6. Despite that representation, the State produced approximately 75 pages of new discovery on Wednesday, August 1. Mr. Innes's motion said he did not move for a continuance or dismissal at that time because there was sufficient time to deal with those materials. But Mr. Innes complained that thereafter, at approximately 4:45 p.m. on Friday, August 3, the State produced another 421 pages of new discovery.

We have no transcript of the limited proceedings that apparently took place on August 6. We can infer that the need to continue trial was agreed. The State evidently

3

anticipated Mr. Innes's motion and simultaneously filed its response, admitting its delayed production, offering an explanation, and stressing that roughly 30 days remained for trial under CrR 3.3. It appears the trial court continued the trial date to September 4, 2018, granted Mr. Innes's request that it authorize 120 hours of investigative services, and set the dismissal motion for August 24 with a view to assessing any prejudice to Mr. Innes at that time.

At the August 24 hearing, the trial court asked if the defense was still on track for the September 4 trial. Defense counsel informed the court that it had been able to hire an investigator on August 7 and provide him with the new information. He described some additional delays he and his investigator encountered in getting access to the county's new CaseGuard system. He described a CAD[3] report received that he characterized as raising some "pretty significant information" he needed to investigate. Report of Proceedings (RP)[4] at 10-11. He stated, however, that "[w]e will continue to try to be prepared for trial." RP at 11.

The prosecutor responded that the State had originally focused on providing information about the Maxwell Avenue shooting, not the shooting at the home on Sharp Avenue. But he said he believed they had now provided everything related to the

---

[3] Computer-aided dispatch.

[4] All report of proceedings references are to the volume that includes proceedings taking place on March 17, 2017 and August 24, 2018.

shooting on Sharp. He said some records in the last batch of production had probably also been provided earlier, but he had no way of knowing for sure. He said the CAD report that concerned defense counsel related to the third report of a shooting received on the morning of July 30 and appeared to be "totally unrelated." RP at 18. But he told the court he had asked a detective to look into it further, because if there was additional information they could provide to the defense, they would.

The trial court denied the motion to dismiss, observing that "without some type of discovery log, it is very difficult for the Court to find any type of violation." RP at 25. In denying the motion, the trial court told defense counsel to inform the trial court if there were any more items that needed to be explored before moving ahead with trial. The case proceeded to trial on September 4, 2018.

## STATEMENT OF ADDITIONAL GROUNDS

Mr. Innes's SAG argues that the State's untimely disclosure of the materials produced in August 2018 was prejudicial "because the defense argued that Mr. Bercier is blaming the homicide that occurred on Maxwell on Mr. Innes (Appellant) in order to escape responsibility for both crimes he committed using the same firearm." SAG at 15-16. He asks us to dismiss the charges against him with prejudice or suppress all of the late discovery and remand for a new trial.

*CrR 4.7*. "CrR 4.7 is a reciprocal discovery rule that separately lists the prosecutor's and defendant's obligations when engaging in discovery." *State v.*

5

*Blackwell*, 120 Wn.2d 822, 826, 845 P.2d 1017 (1993). Under CrR 4.7, prosecutors have "a duty to disclose and to preserve evidence that is material and favorable to the defendant." *Id.* "If the State fails to disclose such evidence or comply with a discovery order, a defendant's constitutional right to a fair trial may be violated; as a remedy, a trial court can grant a continuance, dismiss the action, or enter another appropriate order." *State v. Barry*, 184 Wn. App. 790, 796, 339 P.3d 200 (2014). To support a motion to dismiss based on a discovery violation, a defendant must show not only that the State failed to act with due diligence and withheld material facts, but also that the discovery violation "'essentially compelled the defendant to choose between two distinct rights': the right to a speedy trial and the right to adequately prepared counsel." *Id.* at 797 (quoting *State v. Woods*, 143 Wn.2d 561, 583, 23 P.3d 1046 (2001)).

    *CrR 8.3(b)*. Under CrR 8.3(b), the trial court "may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial." "A defendant must make two showings to justify dismissal under CrR 8.3(b): (1) arbitrary action or governmental misconduct and (2) prejudice affecting the defendant's right to a fair trial." *Barry*, 184 Wn. App. at 797. Governmental misconduct does not need to be evil or dishonest in nature, simple mismanagement is sufficient. *State v. Michielli*, 132 Wn.2d 229, 239, 937 P.2d 587 (1997). "Prejudice under CrR 8.3(b)

includes the right to a speedy trial and the right to adequately prepared counsel." *Barry*, 184 Wn. App. at 797.

"Dismissal is an extraordinary remedy, one that the trial court should use only as a last resort." *State v. Krenik*, 156 Wn. App. 314, 320, 231 P.3d 252 (2010). A trial court's decision on whether to dismiss an action under CrR 4.7 and CrR 8.3 is reviewed for an abuse of discretion. *Michielli*, 132 Wn.2d at 240. "Discretion is abused when the trial court's decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons." *Blackwell*, 120 Wn.2d at 830.

Mr. Innes fails to demonstrate an abuse of discretion. The trial court continued trial for a month, authorized 120 hours of investigative support for defense counsel, and set a hearing two-and-a-half weeks out in order to assess whether the defense had been able to respond to any prejudice and prepare for trial. At the August 24 hearing, Mr. Innes did not identify anything preventing him from going to trial on September 4.

Mr. Innes was not forced to choose between his right to a speedy trial and his right to adequately prepared counsel. Trial began within the time for trial period provided by the criminal rules.

No. 36419-4-III
*State v. Innes*

We affirm the conviction. We remand with directions to the trial court to correct section 4.3 of the judgment and sentence to provide that only restitution obligations shall bear interest.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Korsmo, J.

8