IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISON ONE

STATE OF WASHINGTON,

Respondent,

v.

MARK TIMOTHY SKIPWORTH,

Appellant.

No. 82833-9-I

DIVISION ONE

UNPUBLISHED OPINION

COBURN, J. —  Mark Skipworth appeals his conviction for failure to register as a sex offender.  Skipworth argues that the trial court erred in admitting witness testimony, the State presented insufficient evidence to prove he was required to register during the charging period, the trial court abused its discretion in admitting portions of his sex offender registration notification documents, and that cumulative error denied him a fair trial.  We affirm.

FACTS

In October 2016, Skipworth was charged with failure to register as a sex offender between November 5, 2015 and July 29, 2016.  The court later granted the State's motion to amend the period to November 5, 2015 to June 5, 2018.  Prior to trial, Skipworth stipulated to his prior February 1999 conviction for attempted rape in the second degree under the cause number 98-1-05895-8

 Citations and pin cites are based on the Westlaw online version of the cited material

KNT.  At trial, the court read the following stipulation to the jury:

> The parties have agreed that certain facts are true. You may accept as true that the person before the court, who has been identified in the charging document as Defendant, Mark Timothy Skipworth, was convicted on February 5, 1999, of a class B felony sex offense as defined in RCW 9A.44.128, that was committed on or after February 28, 1990, in State of Washington v. Mark T Skipworth, King County Superior Court under Cause No. 98-1-05895-8 KNT.
> This stipulation is to be considered as evidence only of the prior conviction element. You are not to speculate as to the nature of the prior conviction. You must not consider the stipulation for any other purpose.

Though Skipworth stipulated to his prior conviction, he objected to the State's admission of the first page of the Sex and Kidnapping Offender Registration Notification, which listed all the possible sexual offenses, arguing that the list was prejudicial to him because it included crimes such as child molestation and rape of a child.  The court overruled the objection, ruling:

> This is telling somebody that if you've been convicted of any of these or underneath additional felonies that it's a sex offense and you have to register.  And it's all part of the notice requirement.  A listing of crimes is [not][1] in itself unduly prejudicial when we're dealing with a notification that should you have one of these you have to register.
> So noted and overruled[.]

At trial, the defense also objected to the admission of "Exhibit 3," a certified copy of Skipworth's order of release from the Department of Corrections (DOC).

---

[1] It is clear from the court's ruling that the court found the list of possible offenses was not unduly prejudicial to Skipworth.

Exhibit 3 included two documents.[2]  The first page was Skipworth's order of release from DOC.  The second page was titled "attestation by the custodian of records," certifying the following:

> I am the Correctional Records Technician, Department of Corrections of the State of Washington.  That in my legal custody as such officer are the copies of the original files and records of persons heretofore committed to Washington State adult correctional penal institutions: that the Photograph; Fingerprint Card; Warrant of Commitment under King 98-1-05895-8; Judgment and Sentence under King 98-1-05895-8; and Order of Release dated 3/24/2003; attached hereto are copies of the original records [for] Mark Skipworth[.]

The State introduced Exhibit 3 during the testimony of Officer William Skinner, the Federal Way officer who investigated Skipworth's failure to register case in June 2016.  Earlier, Skinner testified as to his standard procedure in investigating a failure to register case, which included looking at conviction dates in the judgment and sentence or whatever release[3] information from DOC.

The State had Skinner identify Exhibit 3 as an order of release from DOC and confirm that it was a certified copy before moving to admit it.  Skipworth objected on the basis of hearsay and foundation.

The court overruled the objection.  The State then asked Skinner, "According to the document when was Mr. Skipworth released on his underlying offense?"  Skipworth objected and requested to be heard outside the

---

[2] Skipworth acknowledged during a half-time motion to dismiss that the State had sent defense the exhibits in a packet that included the judgment and sentence and warrant of commitment.  The judgment and sentence and warrant are not in the record.

[3] The verbatim report of proceedings transcribes Skinner's testimony as saying "whatever lease from the Department of Corrections."  The State contends that the transcriptionist incorrectly transcribed "lease" instead of "release."  In context of the testimony, we agree.

presence of the jury. During the side bar, Skipworth argued that nothing on the order of release connected that document to the same case from the stipulated conviction. The court asked the State to lay the foundation. The State then followed up in front of the jury.

> Q. . . . . Officer, can you look over the certification on that form? Is there a cause number that is associated with this order of release?
>
> A. Yes, there is.
>
> Q. What is that cause number?
>
> A. 98-1-05895-8.
>
> Q. Thank you. According to this document when was Mr. Skipworth released on his underlying offense?
>
> A. 6-5 of 2003.

While later memorializing the side bar and Skipworth's objection, the court explained that the State laid the foundation to connect the order with the stipulated conviction and that the cause number was "on the document on which the order of release is printed is good enough for me to make the connection."

At the end of the State's case, Skipworth brought a motion to dismiss. The court denied the motion. Skipworth does not assign error to the trial court's ruling denying the motion to dismiss.

The jury found Skipworth guilty of failing to register as a sex offender. The court sentenced him to time served and ordered a $500 victim penalty assessment. Skipworth appeals.

DISCUSSION

Skinner's Exhibit 3 Testimony

Skipworth first argues that the trial court erred by allowing the police officer, Skinner, to "misstate the contents" of Exhibit 3 without the basic foundation of personal knowledge.

We review a trial court's evidentiary rulings for an abuse of discretion. State v. Gunderson, 181 Wn.2d 916, 922, 337 P.3d 1090 (2014). An abuse of discretion occurs where the trial court's decision is manifestly unreasonable or based on untenable grounds or reasons. Id.

We note that Skipworth does not challenge the admissibility of Exhibit 3 on appeal.[4] The record establishes that Skinner had foundation to testify that he reviewed DOC records that related to cause number 98-1-05895-8, which included Exhibit 3. This is because it is undisputed that the release order was provided in a certified packet of documents relating to cause number 98-1-05895-8, and no exhibits received from DOC identified any other cause number. However, that is not what was asked of Skinner. The State specifically asked Skinner about Exhibit 3 and when Skipworth was released on his underlying offense, "according to this document." The State's question suggested that

_____

[4] RCW 5.44.040 provides in part that certified copies of state records with proper seals are admissible in state courts. These types of public records are considered "self-authenticat[ing]" documents. ER 902(d). "Extrinsic evidence of the authenticity of a certified copy of a public record is not required as a condition precedent to admissibility." State v. Benefiel, 131 Wn. App. 651, 654, 128 P.3d 1251 (2006) (citing ER 902(d)). Where these documents meet the requirements for admissibility, foundation does not need to be established with live testimony as "the foundation for these documents is evident on their faces." State v. Chapman, 98 Wn. App. 888, 891, 991 P.2d 126 (2000).

Skinner was basing the association of the cause number entirely on the certification on the order of release form. The State asked Skinner to look over the certification on the form and whether "there [was] a cause number that is associated with this order of release?" The certification listed several items that expressly associated the warrant of commitment and judgment and sentence under 98-1-05895-8. Skipworth is correct that it did not expressly associate the order of release with a cause number in the same manner.

Counsel can make reasonable inferences from the evidence presented. State v. Thorgerson, 172 Wn. 2d 438, 453, 258 P.3d 43 (2011). And experts may base an opinion or inference on facts or data in a particular case. ER 703. However, Skinner was neither an attorney nor an expert witness. But Skipworth did not object based on improper opinion testimony, which is what he now argues on appeal. The objection made below was lack of foundation. When the specific objection made at trial is not the basis defendants argue on appeal, they lose their opportunity for review. State v. Guloy, 104 Wn.2d 412, 422, 705 P.2d 1182 (1985).

However, even if Skipworth's objection sufficiently articulated the basis of the objection and preserved review, the improper opinion testimony was harmless. "The improper admission of evidence constitutes harmless error if the evidence is of minor significance in reference to the overall, overwhelming evidence as a whole." State v. Bourgeois, 133 Wn.2d 389, 403, 945 P.2d 1120 (1997).

As discussed above, the jury could reasonably infer that the release order,

like other admitted exhibits, was associated with the one and only cause number introduced at trial that related to the underlying predicate offense.

Insufficient Evidence

Skipworth next argues that there was insufficient evidence of when his 15-year registration period began because "no reasonable inference" could be drawn between Exhibit 3 and the underlying sex offense. He argues that the State's evidence was therefore insufficient evidence to sustain his conviction. This argument is closely tethered to his argument above, and again we disagree.

"'Evidence is sufficient if, viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" State v. Christian, 18 Wn. App. 2d 185, 201, 489 P.3d 657 (2021) (quoting State v. Owens, 180 Wn.2d 90, 99, 323 P.3d 1030 (2014)). We draw all reasonable inferences from the evidence in the State's favor. State v. Dollarhyde, 9 Wn. App. 2d 351, 355, 444 P.3d 619 (2019). When reviewing a defendant's challenge to sufficiency of the evidence, circumstantial and direct evidence are equally reliable. Id. We defer to the finder of fact as to the persuasiveness of evidence. State v. Thomas, 150 Wn.2d 821, 875, 83 P.3d 970 (2004).

RCW 9A.44.132(1) provides that, "A person commits the crime of failure to register as a sex offender if the person has a duty to register under RCW 9A.44.130 for a felony sex offense and knowingly fails to comply with any of the requirements of RCW 9A.44.130." The State was required to prove that 1)

Skipworth had a duty to register, 2) he failed to comply with 9A.44.130, and 3) he knowingly failed to comply with the requirements.

Skipworth stipulated to his prior conviction for attempted rape in the second degree, a class B felony sex offense. RCW 9A.44.140(2) required Skipworth as a class B offender to register for 15 years "after the last date of release from confinement . . . pursuant to the conviction." As the State defined Skipworth's period of non-compliance as ending on June 5, 2018, the State was required to prove that Skipworth was released from his underlying attempted rape conviction within the 15-year window, that is, on June 5, 2003 or later.

Skipworth maintains that "[t]here was simply no evidence presented by the prosecution that ties the order of release to the class B felony sex offense and cause number Mr. Skipworth stipulated to."

As discussed above, the admitted order of release, its certification, the fact that only one cause number and one conviction was introduced at trial, provided circumstantial evidence that allowed a rational trier of fact to conclude that the order of release, despite not having a cause number on the document, was directly connected to the underlying predicate conviction. Having made the reasonable inference that Skipworth's release on the underlying sex offense was June 5, 2003, the jury could conclude that Skipworth did have a duty to register as a sex offender during the charging period of November 5, 2015 to June 5, 2018.

Admission of Unredacted Sex Offender Notification Documents

Skipworth next contends that the trial court erred in admitting the list of

sex crimes requiring registration: Sex and Kidnapping Offender Registration Notification Form. He maintains that the admission of these documents was irrelevant in light of his stipulation of the underlying offense, and it was unduly prejudicial.[5] We disagree.

Generally, all relevant evidence is admissible. ER 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." ER 401. A trial court may exclude relevant evidence if the danger of unfair prejudice substantially outweighs its probative value. ER 403. But just because evidence is prejudicial does not automatically render it inadmissible under ER 403. Carson v. Fine, 123 Wn.2d 206, 224, 867 P.2d 610 (1994). A defendant seeking to exclude evidence bears the burden to show the requisite prejudice. Id. at 225. "Trial courts have considerable discretion to consider the relevancy of evidence and to balance 'the probative value of the evidence against its possible prejudicial impact.'" State v. Barry, 184 Wn. App. 790, 801, 339 P.3d 200 (2014) (quoting State v. Rice, 48 Wn. App. 7, 11, 737 P.2d 726 (1987)).

As discussed, the State was required to prove not only that Skipworth failed to register, but that he *knowingly* failed to comply with the requirements of RCW 9A.44.130. RCW 9A.44.132(1). Skipworth's sex offender notification

---

[5] Now on appeal, Skipworth argues the admission of the list of sex offenses was also confusing, misleading, and/or passion-invoking. Br. of App. at 2. As these claims were not addressed before the trial court we decline to address them for the first time on appeal. RAP 2.5(a).

documents, including the list of convictions which required one to register, were relevant to whether he knowingly failed to comply with the requirement to register. Skipworth claims that admission of the list was not relevant in light of his stipulation that he was convicted of a sex offense. But the stipulation did not absolve the State of having to prove that Skipworth knew that the underlying conviction required him to register. The list of convictions was therefore still relevant to the knowledge element of the crime.

As to whether the relevancy was outweighed by its potential prejudice, the court specifically found that a list of crimes was not "unduly prejudicial" in this case. Skipworth already stipulated to having been convicted of a class B felony sex offense. Skipworth relies on Old Chief v. United States, 519 U.S. 172, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997). However in Old Chief the court held:

> The issue here is whether a district court abuses its discretion if it spurns such an offer and admits the full record of a prior judgment, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction.

Id. at 174. Unlike in Old Chief, in the instant case the list of convictions was not admitted solely to prove the element of prior conviction. Though the court offered to provide a limiting instruction to the jury that the notification documents were to be used only for the purpose of establishing knowledge, Skipworth did not request such an instruction.

> We have held that when a party fails to request a limiting instruction, that party is precluded from arguing that the lack of a limiting instruction was harmful error. State v. Athan, 160 Wn.2d 354, 383, 158 P.3d 27 (2007). Here, defense counsel did not merely fail to request a limiting instruction; she expressly declined the court's offer to provide one[.] A party cannot refuse an

10

instruction that would have limited the evidence to its proper purpose and then later claim that the evidence should be treated as if the limiting instruction had been given.  Cf. <u>State v. Boyer</u>, 91 Wn.2d 342, 345, 588 P.2d 1151 (1979) (invited error doctrine).

<u>State v. Mohamed</u>, 186 Wn.2d 235, 245-46, 375 P.3d 1068 (2016).

The trial court did not abuse its discretion in overruling Skipworth's objection to the admission of this evidence.

<u>Cumulative Error</u>

Finally, Skipworth argues that cumulative error denied him a fair trial.  The cumulative error doctrine applies only when several trial errors occurred, which standing alone, may not be sufficient to justify a reversal, but when combined together, may deny a defendant a fair trial.  <u>State v. Hodges</u>, 118 Wn. App. 668, 673-74, 77 P.3d 375 (2003).  Skipworth has not established several trial errors to support a cumulative error analysis.

We affirm.

_____
Coburn, J.

WE CONCUR:

_____          _____
                                 Smith, A.C.J.

11